A & E PACIFIC CONSTRUCTION )        CIVIL ACTION NO. 88-0001
COMPANY, et al.,             )
                             )
        Plaintiffs,          )
                             )
        v.                   )
                             )
SAIPAN STEVEDORE COMPANY,    )        DECISION AND ORDER
INC., et al.,                )
                             )
        Defendants.          )
_____)


On January 19, 1988, plaintiffs filed a class-action complaint against Saipan Stevedoring Company, Inc. (SSC), Carlos Shoda, Commonwealth Ports Authority (CPA), Edward Villagomez, George Fleming, J.M. Guerrero, Nick Sablan, Rafaela Perry, Roman Palacios and Vicente Calvo. In the first cause of action, plaintiff Commonwealth Maritime Agency (CMA) sued SSC for alleged predatory pricing in its trucking business. The second through seventh causes of action involved all plaintiffs against all defendants. These causes centered on SSC's acquisition of a monopoly lease of the commercial port of Saipan and the subsequent raising of its rates.

On April 21, 1988, the Court granted defendants' motion to dismiss the second through seventh causes of action. The Court found that these causes of action aimed primarily at

411

the lease between SSC and CPA were within the exclusive domain of the Federal Maritime Commission (FMC).

Plaintiffs have moved this Court to certify its April 21, 1988, order for interlocutory appeal pursuant to Federal Rule of Civil Procedure 54(b) or in the alternative under 28 U.S.C. §1292(b). Because the Court concludes that plaintiffs are entitled to relief under Rule 54(b) it does not address the request for relief under §1292(b).

Rule 54(b) states in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

Plaintiffs cite Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1 (1980) as the applicable test for determining whether to grant or deny a Rule 54(b) motion. Defendants concede that this is the Supreme Court's last pronouncement on the rule. The Court there stated that the trial court should consider four factors in determining the propriety of granting a Rule 54(b) motion. These are:

(1) Certification will not result in unnecessary appellate review,

(2) The claims that have been adjudicated were separate, distinct, and independent of the remaining claims,

(3) Review would not be mooted by future developments, and

(4) The appellate court will not be required
to decide the issues more than once.  Id.
at 5-7.

Applying the facts in this case to the test laid out in Curtiss-Wright, it is clear to the Court that certification should be granted.  The trucking action in the first cause of action is unrelated in fact and law to the claims that have been dismissed.  There is no chance that certification will result in unnecessary appellate review.

This also satisfies the second prong of Curtiss-Wright because it is clear that the second through seventh causes of action are separate, distinct, and independent from the first. Count one involves trucking, counts two through seven involve maritime shipping and a lease which granted SSC an exclusive right to conduct stevedoring services in the Commonwealth.

There is no possibility that the dismissed claims will be mooted, at least not judicially.  There is a possibility that the claims which are now also pending with the FMC may be resolved in that forum.  However, the Court does not interpret Curtiss-Wright as standing for the proposition that the possibility of extra-judicial resolutions of a dispute affect the propriety of certification for appellate review.

Finally, certification will not force the Ninth Circuit to review the issue of the applicability of the 1984 Shipping Act to the Commonwealth in a subsequent appeal of the predatory pricing allegations in this case.

Plaintiffs' counts two through seven seek to resolve

whether CPA can grant SSC a monopoly lease and assuming this to be true whether SSC can then capriciously raise rates at its whim. This Court has determined that it is without jurisdiction to address these questions. The result of this decision is that SSC has been allowed to unilaterally raise its shipping prices which has caused hardship ultimately to the consumers in the Commonwealth. Requiring plaintiffs to wait until CMA resolves its predatory pricing suit against SSC will delay and, effectively, deny review to plaintiffs of this Court's decision. If this Court has erred in its interpretation of the law or the facts, let the issues be resolved now rather than waiting for an unrelated cause of action to be dragged through discovery and litigation. This Court finds that there is no just reason for delay and enters judgment accordingly. Plaintiffs motion for certification for interlocutory appeal pursuant to Rule 54(b) is GRANTED.

IT IS SO ORDERED.

DATED this 23ᵈ day of May, 1988.

_____
Judge Alfred Laureta

414